IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLLEEN FRANCONI<br><br>　　　Plaintiff,<br><br>v.<br><br>AMSHER COLLECTION SERVICES, INC.<br><br>　　　Defendant. | )<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1.　　This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), and other common law claims.  These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2.　　Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.　　Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.　　Plaintiff Colleen Franconi is an adult individual residing at 7343 Frontenac Street, Philadelphia, Pennsylvania 19111.

5.　　Defendant AmSher Collection Services, Inc. is a business entity with its principal office located at 600 Beacon Parkway West, Suite 300, Birmingham, Alabama 35209.  The

principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt relating to a debt originally owed to T-Mobile (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. In or around August 2011, Defendant began contacting Plaintiff up to four times per day in an attempt to collect the debt.

9. In or around the first week of September 2011, Plaintiff spoke with a representative of Defendant to dispute the debt.

10. On or about September 9, 2011, Plaintiff mailed Defendant correspondence via U.S. certified mail requesting that Defendant cease contacting her.

11. Notwithstanding the above, on or about October 15, 2011, Defendant began contacting Plaintiff again in an attempt to collect the debt with the intent to annoy, abuse and harass Plaintiff and continued to contact Plaintiff approximately two to four times per week thereafter.

12. By way of example, on or about October 24, 2011, Defendant contacted Plaintiff on three occasions in an attempt to collect the debt and with the intent to annoy, abuse, or harass Plaintiff.

13. By way of further example, on or about October 25, 2011, Defendant contacted Plaintiff on four occasions in an attempt to collect the debt and with the intent to annoy, abuse, or harass Plaintiff.

14. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with the consumer after being notified in writing that the consumer wishes the debt collector to cease further communication.

15. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

16. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

17. Defendant acted in a false, deceptive, misleading and unfair manner by using false, deceptive, or misleading representation or means in connection with the collection of any debt.

18. Defendant acted in a false, deceptive, misleading and unfair manner by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

19. Defendant acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

20. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I - VIOLATIONS OF THE FDCPA

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

27. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

28. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(c), 1692d, 1692d(5), 1692e, 1692e(10), and 1692f, as evidenced by the following conduct:

(a) Communicating with the consumer after being notified in writing that the consumer wishes the debt collector to cease further communication;

(b) Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(c) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(d) Using false, deceptive, or misleading representation or means in connection with the collection of any debt;

(e) Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(f) Using unfair or unconscionable means to collect or attempt to collect any debt.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – INVASION OF PRIVACY

31.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32.     Defendants' conduct, including but not limited to continuing to communicate with Plaintiff on multiple occasions even after being notified in writing that Plaintiff wished that Defendant would cease contacting her, constitutes an invasion of privacy.

33.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

34.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

    (e)  Such other and further relief as may be just and proper.

                          Respectfully Submitted,

                          **FRANCIS & MAILMAN, P.C**.

BY:    */s/ Mark D. Mailman*
           MARK D. MAILMAN, ESQUIRE
           GREGORY J. GORSKI, ESQUIRE
           Land Title Building, 19th Floor
           100 South Broad Street
           Philadelphia, PA 19110
           (215) 735-8600

           Attorneys for Plaintiff

DATE: April 19, 2012